UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPHER R. BAKER,

        Plaintiff,

v.

        Case Number 08-15216
        Honorable David M. Lawson

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.
_____/

**OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, AND AFFIRMING THE COMMISSIONER**

Plaintiff Christopher Baker is a twenty-eight-year-old single male who was diagnosed with autism when he was fifteen years old. He filed the present action on December 18, 2008 seeking review of the Commissioner's decision denying his application for supplemental security income (SSI) benefits under Title XVI of the Social Security Act. On December 18, 2008, the case was referred to United States Magistrate R. Steven Whalen pursuant to 28 U.S.C. § 636(b)(1)(B) and E.D. Mich. LR 72.1(b)(3), and then reassigned to Magistrate Judge Mark. A. Randon by Administrative Order 09-AO-027. Thereafter, the plaintiff filed a motion for summary judgment to reverse the decision of the Commissioner or for remand and the defendant filed a motion for summary judgment to affirm the Commissioner's decision. Magistrate Judge Randon filed a report on December 31, 2009 recommending that the plaintiff's motion for summary judgment be denied, the defendant's motion for summary judgment be granted, and the decision of the Commissioner affirmed. The plaintiff filed timely objections to the recommendation, the defendant filed a response to the objections, and the plaintiff filed more objections. This matter is now before the Court.

The Court has reviewed the file, the report and recommendation, the plaintiff's objections and the parties' responses thereto, and has made a *de novo* review of the administrative record in light of the parties' submissions. In his objections, the plaintiff challenges the magistrate judge's conclusion that substantial evidence supported the administrative law judge's (ALJ) determination that the plaintiff was not disabled. First, he argues that the magistrate judge erred by upholding the ALJ's decision to discount the opinions of the plaintiff's treating sources, psychologist Sally Bloch, Ph.D., and Dr. G. Christopher Popp. Second, the plaintiff contends that in approving as adequate the ALJ's discussion of the listing of impairments in 10 C.F.R. Part 404, Subpart P, Appendix 1, the magistrate judge failed to address the plaintiff's argument that the ALJ improperly assessed the special technique findings and ignored many of the plaintiff's mental limitations, including the plaintiff's inability to deal with stress. Finally, the plaintiff argues that the magistrate judge erred by upholding the ALJ's adverse credibility finding. The defendant responds by pointing to evidence in the record that conflicts with the conclusions of the two treating physicians.

The plaintiff applied for SSI on September 22, 2005, when he was twenty-four years old. He was diagnosed with autism at age fifteen. He completed high school with special education assistance and obtained an associate's degree in accounting from a community college. He has held part-time jobs as a customer service representative, an office worker, a special program tutor at a special school, and a bookkeeper at a library, although the ALJ found – correctly – that none of this constituted substantial gainful activity. The plaintiff lives with his parents and continues to take classes at a community college. He did not allege in his application that he had any exertional limitations on performing work; however, he alleged that his learning disability and depression render him disabled.

The plaintiff's application for supplemental security income was denied initially. He made a timely request for an administrative hearing. On June 20, 2008, the plaintiff appeared before ALJ Michael D. Quayle, when he was twenty-seven years old. ALJ Quayle filed a decision on July 15, 2009 in which he found the plaintiff was not disabled and consequently not entitled to SSI benefits. The ALJ reached that conclusion by applying the five-step sequential analysis prescribed by the Secretary in 20 C.F.R. § 416.920(a)(4). The ALJ concluded that the plaintiff had not engaged in substantial gainful activity since September 22, 2005, the date he filed his application (step one); the plaintiff suffers from impairments consisting of autism and a history of dysthymia (depression), an affective disorder, which are "severe" within the meaning of the Social Security Act (step two); neither of these impairments alone or in combination met or equaled a listing in the regulations (step three); and the plaintiff had no past relevant work (step four).

In applying the fifth step, the ALJ determined that the plaintiff has the capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: only unskilled work involving brief, infrequent, and superficial contact with the public; no climbing ladders, ropes, or scaffolds; and no exposure to hazards (machinery, heights, etc.). Relying on the testimony of a vocational expert, the ALJ found that there were a significant number of jobs in the regional and national economy that fit within these limitations including bench assembler, packager, and sorter. Based on that finding and using the Medical Vocational Guidelines found at 20 C.F.R. Pt. 404, Subpt. P, App. 2 § 204.00 as a framework, the ALJ concluded that the plaintiff was not disabled within the meaning of the Social Security Act. Following the decision by the ALJ, the plaintiff appealed to the Appeals Council, which denied the plaintiff's request for review on October 14, 2008.

All parties agree with the magistrate judge that the plaintiff has the burden of proving disability in order to qualify for supplemental security income benefits, and that "disability" is defined as the "inability to engage in any substantial gainful activity" due to a "physical or mental impairment" that could cause death or might reasonably be expected to last continuously for at least twelve months. *See* 42 U.S.C. § 1382c(a)(3)(A). Of course, a person is not disabled merely because his limitation prevents him from performing some types of work if that person can perform other "substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B). The parties also accept the rule that the authority of this Court to review administrative decisions of the Commissioner is limited to deciding whether the proper legal standards were used and "'whether there is substantial evidence in the record to support the findings.'" *Wright v. Massanari*, 321 F.3d 611, 614 (6th Cir. 2003) (quoting *Duncan v. Sec'y of Health & Human Servs.*, 801 F.2d 847, 851 (6th Cir. 1986)).

The plaintiff argues that he met his burden of proof that his impairments prevent him from engaging in substantial gainful activity by presenting evidence from Dr. Bloch and Dr. Popp, both of whom signed letters regarding the plaintiff's limitations. The ALJ acknowledged but rejected those conclusions, and the plaintiff argues that the ALJ committed error in doing so. The Rule promulgated by the Secretary states: "[M]ore weight [will be given] to opinions from your treating sources, since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations." 20 C.F.R. § 404.1527(d)(2). The Sixth Circuit consistently has applied this rule. A treating physician's

opinion should be given greater weight than those opinions of consultative physicians who are hired for the purpose of litigation and who examine the claimant only once or not at all. *See Jones v. Sec'y of Health & Human Servs.*, 945 F.2d 1365, 1370 & n.7 (6th Cir. 1991); *Farris v. Sec'y of Health & Human Servs.*, 773 F.2d 85, 90 (6th Cir. 1985). If a treating physician's opinion is not contradicted, complete deference must be given to it. *Walker v. Sec'y of Health & Human Servs.*, 980 F.2d 1066, 1070 (6th Cir. 1992); *King v. Heckler*, 742 F.2d 968, 973 (6th Cir. 1984). However, a treating physician's opinion may be rejected if there is good reason to do so. *Hall v. Bowen*, 837 F.2d 272, 276 (6th Cir. 1988). The Sixth Circuit has held that treating physicians' opinions "are only given such deference when supported by objective medical evidence." *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004) (citing *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 477 (6th Cir. 2003). Where a treating physician renders an opinion using legal language as opposed to medical terminology, the Court may likewise reject it if it is not supported by clinical evidence in the record. *See Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1234-35 (6th Cir. 1993).

The Sixth Circuit has held that reversal is required in a Social Security disability benefits case where the ALJ rejects a treating physician's opinion as to the restrictions on a claimant's ability to work and fails to give good reasons for not giving weight to the opinion. *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004). That is not the case here. The ALJ wrote that he could not "find the opinions of Dr. Popp and Dr. Bloch to be well supported by clinical findings, laboratory diagnostic techniques, and they [are] not consistent with other substantial evidence . . . ." Tr. 20. The record supports that view. Dr. Popp's evidence consists of two letters, one dated November 27, 2002 in which he states that "[d]ue to Christopher's autism he needs to attend

Minnesota Life College to mitigate the impact that autism has on his ability to perform normal life skills," Tr. 429; and one dated May 23, 2005, which states:

> Christopher is disabled and unable to personally provide his own transportation. Therefore, he would benefit from public-assisted transportation for the disabled. Thank you for your consideration.

Tr. 334. Neither of these opinions are supported by any evidence of physical examinations, tests or other diagnostic techniques.

The information from Dr. Bloch is more extensive but not very illuminating. The record contains her progress notes of psychotherapy sessions, a medical residual functional capacity assessment check-off form, and a letter dated May 27, 2008, which states:

> To Whom It May Concern:
>
> I am writing on behalf of my client Chris Baker. I am a fully licensed psychologist in private practice in Farmington Hills, Michigan. My area of specialty is autism spectrum disorders.
>
> Mr. Baker, who came to me with the diagnosis of autism long established, has been my client for over two years. Mr. Baker comes to my office for individual psychotherapy on a regular basis, approximately twice per month, and sessions are ongoing.
>
> With considerable effort, Mr. Baker earned an Associate's degree from Oakland Community College. Employment has been difficult due to the challenges of autism. Specifically, Mr. Baker has significant difficulties forming and maintaining relationships. This is, in part, due to fundamental deficits "reading" other people (e.g., interpreting vocal and facial expressions, posture, eye contact, etc.) and difficulty using his own body language to communicate to others. This often results in awkward, and therefore brief, interchanges.
>
> Idiosyncrasies in other areas serve as additional obstacles. While Mr. Baker is capable of academic learning to some extent, he requires considerable time and repetition to apply and generalize information in any meaningful way. He has difficulty retaining and carrying out multi-step directions. In complex, real-world environments, Mr. Baker is apt to have difficulty distinguishing between relevant and irrelevant stimuli. He also has difficulty simultaneously processing multiple stimuli at once (this contributes to his inability to safety drive a motor vehicle). In

> the area of language, Mr. Baker often needs additional time to process information and to respond. It often takes 5-15 seconds for Mr. Baker to formulate a response to even simple and straightforward questions. Fine and gross motor responsiveness and reaction time both impress as slowed. Physically, Mr. Baker moves slowly and with an awkward gait.
>
> These challenges have, in the past, lead to bouts of severe depression. While Mr. Baker has made significant gains in this area, he remains vulnerable to depression.
>
> These challenges and deficits significantly impact Mr. Baker's ability to find employment and to live independently.
>
> If you have any further questions, please do not hesitate to contact me.
>
> Sincerely,
>
>
> Sally Bloch
> Licensed Psychologist

Tr. 479-80. Dr. Bloch's records do not contain any evidence of examinations, tests, or other attempts at diagnoses. The letter itself suggests that the plaintiff suffers from limitations, as no doubt he does, but it does not contain any findings that are inconsistent with the ALJ's residual functional capacity determination. The therapy progress notes document a history of sustained contact, but they provide no insight into the plaintiff's limitations (except for depression-related relationship difficulties), *see* Tr. 431-70, or provide a basis for concluding that the plaintiff cannot perform substantial gainful activity. Consequently, the Court cannot conclude that the ALJ's reasons for rejecting the opinions of the treating sources are unsupported by the record.

There is other evidence in the record that tends to support the ALJ's conclusions. The plaintiff's autism is well documented, but he has a performance IQ in the low-normal range. He has been characterized by Dr. Benjamin Dunkley, a consulting physician reporting to the Disability Determination Service, as impaired by "[h]igh functioning autism." Tr. 342. The plaintiff's post-

secondary school records show that he performed routine tasks well, albeit in a structured setting. He was able to earn an associate's degree, and performs most of his activities of daily living adequately most of the time.

The plaintiff also complains that the consulting physicians, particularly Leonard Balunas, Ph.D., did not evaluate the effect of the plaintiff's autism on his other impairment – severe depression – when assessing his functioning. The reason for this contention is that Dr. Balunas failed to check the "Autism" box on his psychiatric review technique form. *See* Tr. 347. That is a fair criticism, and there is little in Dr. Balunas's submissions that supports the idea that he took the plaintiff's autism into account. However, there is little other evidence in the record that contradicts Dr. Balunas's conclusion that the plaintiff is able to perform unskilled work, and the other evidence cited by the ALJ supports it. Plaintiff's counsel argues that the reports of the plaintiff's activities of daily living should not be given much weight because the plaintiff performed these tasks in a structured setting. However, there is evidence that the plaintiff can accomplish other independent achievements such as graduating high school, using public transportation, attending college, and working at certain jobs part time.

The plaintiff also objects to the ALJ's adverse credibility finding. In his testimony, the plaintiff did not elaborate on his limitations very much, except to say that he is a slow learner, his training takes more time than with the average person, and that he needs a supervisor to help him when he has questions on the job. Tr. 491-92. No doubt this is all true. The ALJ found, however, that these limitations would not trench on the plaintiff's capacity to perform a range of unskilled work, and the Court cannot find that this conclusion is unsupported by substantial evidence. As noted above, it is the plaintiff's burden to prove disability. It was not improper for the ALJ to

incorporate only those limitations he found had been proved into his hypothetical question to the vocational expert. The rule that a hypothetical question must incorporate all of the claimant's physical and mental limitations does not divest the ALJ of his or her obligation to assess credibility and determine the facts. In fashioning the hypothetical question to be posed to the vocational expert, the ALJ "is required to incorporate only those limitations accepted as credible by the finder of fact." *Casey,* 987 F.2d at 1235.

It is unlikely that the Court would reach the same conclusion as the ALJ if the matter were presented here for a fresh decision. But under the prevailing standard of review, the Commissioner's findings are conclusive if they are supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation omitted); *see also Lashley v. Sec'y of Health & Human Servs.*, 708 F.2d 1048, 1053 (6th Cir. 1983). The reviewing court must affirm the Commissioner's findings if they are supported by substantial evidence and the Commissioner employed the proper legal standard. *Elam ex rel. Golay v. Comm'r of Soc. Sec.*, 348 F.3d 124, 125 (6th Cir. 2003); *Walters v. Comm'r of Soc. Sec.,* 127 F.3d 525, 528 (6th Cir. 1997). Where the Commissioner's decision is supported by substantial evidence, it must be upheld even if the record might support a contrary conclusion. *Smith v. Sec'y of Health & Human Servs.,* 893 F.2d 106, 108 (6th Cir. 1989).

When deciding under 42 U.S.C. § 405(g) whether substantial evidence supports the ALJ's decision, the Court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984); *see also Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 422 (6th Cir. 2008); *Smith v. Halter*, 307 F.3d 377, 379 (6th Cir.

2001). Instead, the Court must uphold the ALJ's decision "if there is 'such relevant evidence as a reasonable mind might accept' as sufficient to support the ALJ's conclusion." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007) (quoting *Foster v. Halter*, 279 F.3d 348, 353 (6th Cir. 2001 (citation omitted)). "The substantial evidence standard is less exacting than the preponderance of evidence standard." *Ibid.* (citing *Bell v. Comm'r of Soc. Sec.*, 105 F.3d 244, 246 (6th Cir. 1996)). If the ALJ's decision is supported by substantial evidence, reversal would not be warranted even if substantial evidence supports the opposite conclusion. *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005).

After a *de novo* review of the entire record and the materials submitted by the parties, the Court concludes that the magistrate judge properly reviewed the administrative record and applied the correct law in reaching his conclusion. The Court has considered all of the plaintiff's objections to the report and finds them to lack merit.

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation [dkt. # 20] is **ADOPTED**.

It is further **ORDERED** that the plaintiff's motion for summary judgment [dkt. # 14] is **DENIED** and the defendant's motion for summary judgment [dkt # 17] is **GRANTED**.

It is further **ORDERED** that the findings of the Commissioner are **AFFIRMED**.

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Dated: April 13, 2010

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on April 13, 2010.

        s/Teresa Scott-Feijoo
        TERESA SCOTT-FEIJOO